610

Daniel L. MEDLOCK, et al. *v.* James C. PLEDGER, et al.

89-89                                           808 S.W.2d 785

Supreme Court of Arkansas
Opinion delivered June 3, 1991

*Jack, Lyon ,& Jones, P.A.*, by: *Eugene G. Sayre*, for appellant.

*William E. Keadle*, Revenue Legal Counsel, for appellee.

*Henry Law Firm*, by: *Joseph Morphew* and *David P. Henry*, for appellee.

*Robert Parker*, Benton City Att'y, for appellee.

*Steve Clark*, Att'y Gen., by: *Frank J. Wills*, Asst. Att'y Gen., for appellee.

*Larry Vaught*, Pulaski County Att'y, for appellee.

*James N. McCord II*, for intervenor/appellee, City of Fayetteville.

PER CURIAM. Our earlier opinion in this case, *Medlock v. Pledger*, 301 Ark. 483, 785 S.W.2d 202 (1990), held that, in general, a tax imposed upon operators of cable television entities by Act 188 of 1987 was not unconstitutional. Specifically, we held it did not violate the taxpayers' rights of freedom of speech and freedom of the press guaranteed by the First Amendment, their right to equal privileges and immunities guaranteed by U.S. Const., art. 4, § 2, and Ark. Const., art. 2, § 18, and their right to equal protection of the laws guaranteed by the Fourteenth Amendment and Ark. Const., art 2, § 3. Our holding was that, with an exception discussed below, the tax was not unconstitutional despite the fact that it was imposed on the cable television medium but not upon other media such as newspapers and subscription magazines.

Act 188 was amended by Act 769 of 1989 to impose a similar tax on satellite television companies. Our opinion held that the tax imposed by Act 188 violated the First Amendment for the period of time it imposed the tax upon cable entities but not on

satellite television companies which supplied essentially the same service. We remanded the case to the trial Court to determine the taxes to be returned to the taxpayers.

On appeal to the United States Supreme Court, our decision was affirmed with respect to the part holding that the tax was, in general, not unconstitutional. It was reversed, however, with respect to our holding that the First Amendment required similar taxation of the similar services offered by cable and satellite television companies. *Leathers* v. *Medlock*, No. 90-29 (U.S. Supreme Ct. April 16, 1991). The case was remanded to this Court for consideration of whether the equal protection clause required similar taxation of the services offered by cable and satellite television companies. We did not reach that issue when the case was before us.

The parties are ordered to rebrief the issue remanded to this Court from the United States Supreme Court. The appellants' brief will be due 40 days from this date, and the times for remaining briefs to be filed will be governed by the provisions of Rule 7 of the Rules of this Court.